## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**SHAISHAV SHAH**
**c/o**
**Faisal Moghul Esq.**
**Fox & Moghul**
**8230 Boone Blvd Suite 210**
**Vienna VA 22182**

      **Plaintiff**        **Case No. 1:18-cv-02354**

**v.**

**MANALI SHAH**
**Serve:**
**Dept. of Opthalmology**
**University of Texas**
**Southwestern Medical Center**
**5323 Harry Hines Blvd**
**Suite U6**
**Dallas Texas Da**

      **Defendant**

---

## COMPLAINT

   Plaintiff, Shaishav Shah, by counsel, now files this Complaint against Manali Shah ("Defendant") for violation of the Computer Fraud and Abuse Act ("CFAA") and the Stored Communications Act ("SCA") and alleges as follows:

### Parties

   1.  Plaintiff Shaishav Shah is a natural person and citizen of the United States residing in the Commonwealth of Virginia.

   2.  Defendant Manali Shah is a natural person residing in the State of Texas. Defendant Manali Shah is a citizen of the Republic of India.

1

**Jurisdiction and Venue**

3.      Jurisdiction is proper under federal question jurisdiction 28 U.S.C.A. § 1331, as the causes of action are based upon violation of federal law. Furthermore, this Court has specific personal jurisdiction over the Defendant pursuant to DC's long-arm statute, § 13-423(a)(1), as well as under the Due Process Clause of the U.S. Constitution since, among other things, the Defendant derived substantial income by engaging in employment in Washington, DC at The Georgetown University Hospital during most of 2014, and also travelled to DC during her subsequent employment with The Retina Group PC starting in April 2015. Furthermore, exercising jurisdiction would not offend traditional notions of fair play and substantial justice because Defendant could have – and should have – reasonably foreseen being hauled into a D.C. court.

4.      Venue is proper under 28 U.S. Code § 1391(b)(3).

**Statement of Facts**

5.      Plaintiff Shaishav Shah is a victim of marriage-fraud.

6.      On or around January 31, 2014, Defendant entrapped Shaishav Shah into a sham marriage for purposes of fraudulently obtaining a green card in violation the Immigration and Nationality Act ("INA") § 275(c), and other immigration laws and regulations of the United States.

7.      Shaishav Shah contends that Defendant's conduct described herein violates the Computer Fraud and Abuse Act ("CFAA"), specifically 18 U.S.C. § 1030, which provides for criminal and civil penalties for violations of said statute.

8.      This sham-marriage was never consummated, and after obtaining a conditional green card, Defendant strategically abandoned the marital home on or around July 23, 2015.

2

9.      Since that time, Defendant has stayed separate and apart from Shaishav Shah and the parties have not been sharing any expenses.

10.     Discover Financial Services, Inc. is a national financial services company that owns and operates Discover Bank, which offers checking and savings accounts and credit cards services to consumers.

11.     Shah is a subscriber to Discover Bank's credit card since 2009, that is, Shah is a "card holder" within the meaning of 15 U.S. Code § 1602(n).[1]

12.     Discover Bank is a "card issuer" as defined under 15 U.S. Code § 1602(o).[2]

13.     As part of his agreement with Discover Bank, only Shaishav Shah can access his credit card statements and/or view credit card related transactions online through a secure portal that requires a unique username and password identification.

14.     Shaishav Shah has not shared or disclosed such information to any party.

15.     On or around September 24, 2018, Shaishav Shah discovered that his Discover credit card account had been unlawfully accessed by Defendant.

16.     Shaishav Shah discovered this when he obtained copies of his personal Discover Bank credit card statements and transactional records from the Defendant in response to Document Production Requests pertaining to their divorce action pending in Loudoun County Circuit Court (see Shah v. Shah, CL 106723) (hereinafter, the "Divorce Suit") (see Exhibit 1: Credit Card Statements/transactional records); see Exhibits 2A and 2B).

17.     Upon discovery of the unauthorized access, and subsequent use, of his financial records, Shaishav Shah immediately contacted Discover Bank's credit card department to

---

[1] This is Shaishav Shah's only credit card with Discover Bank.
[2] "The term "card issuer" means any person who issues a credit card, or the agent of such person with respect to such card."

investigate this matter further.

18.     According to a Discover Bank Security Specialist identifiable as Adriana, Shaishav Shah's account was unlawfully accessed on several occasions by an IP address originating from Greater Dallas Area in Texas.

19.     In addition, the Discover Bank Specialist disclosed unlawful intrusions into Shaishav Shah's account on the following specific dates: August 29, 2016, January 29, 2017, and July 31, 2017.

20.     The said credit card statements and/or transactional records of Shaishav Shah were downloaded on August 29, 2016.

21.     Upon information and belief, Defendant intentionally and willfully used a computer in interstate commerce to unlawfully and without authorization access, download, and make subsequent use of, Shaishav Shah's confidential credit card statements and/or transactional records.

22.     Shaishav Shah has never authorized the Defendant to access such account, and nor has provided her with the means to access said account.

23.     Upon information and belief, the apparent purpose of unlawfully acquiring Shaishav Shah's credit card records was to obtain leverage over him during future negotiations concerning the equitable distribution of property in the Divorce Suit.

## COUNT I
## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT, 18 USC § 1030

24. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25. The CFAA is a criminal statute that also provides a civil remedy for violations of the statute, which is codified as 18 U.S.C. § 1030. <u>See</u> 18 U.S.C. § 1030(g).

26. Under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.,* "the term 'computer' means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device." <u>See</u> 18 U.S.C. § 1030(e)(1).

27. Under the Computer Fraud and Abuse Act, "the term 'protected computer' means a computer - ... (B) which is used in or affecting interstate or foreign commerce or communication ..." <u>See</u> 18 U.S.C. § 1030(e)(2).

28. Plaintiff's computer and Discover Bank's computer system used by subscribers like Shaishav Shah to access their credit card statements and transactional records fall within the definition of a protected computer, as they are used in interstate commerce or communication.

29. The Computer Fraud and Abuse Act makes it unlawful to intentionally access a computer without authorization, or to exceed authorized access, and thereby obtain information from any protected computer. <u>See</u> 18 U.S.C. § 1030(a)(2)(C).

30. The "term 'exceeds authorized access' means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter." <u>See</u> 18 U.S.C. § 1030(e)(6).

31. The Computer Fraud and Abuse Act also makes it unlawful to intentionally access a computer without authorization and, as a result of such conduct, cause damage and loss. See 18 U.S.C. § 1030(a)(5)(C).

32. The "term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information[.]" See 18 U.S.C. § 1030(e)(8).

33. The "term 'loss' means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service[.]" See 18 U.S.C. § 1030(e)(11).

34. Plaintiff has suffered loss and economic damage as a result of Defendant's unlawful access, and subsequent use, of his sensitive and confidential financial information.

35. A civil action may be brought by any person who suffers damage or loss by reason of a violation of the Computer Fraud and Abuse Act, provided that the conduct involves one of four factors set forth in subsection (c)(4)(A)(i) of the Act.

36. The aggregated loss to Plaintiff exceeds $5,000 in value. See 18 U.S.C.§ 1030(c)(4)(A)(i)(I).

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant as follows:

A. Finding that Defendant violated the Computer Fraud and Abuse Act, as alleged herein;

B. Awarding Plaintiff economic damages of not less than $5,000.00 (including the cost of taking remedial measures to protect his credit card account from further unlawful and unauthorized access) as provided for under the Computer Fraud and Abuse Act, and other appropriate relief against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff the reasonable costs and expenses of suit, including attorneys' fees; and

D. Granting additional legal or equitable relief as this Court may find just and proper.

## COUNT II
## VIOLATION OF THE STORED ELECTRONIC COMMUNICATIONS ACT

37. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

38. The Stored Electronic Communications Act, 18 U.S.C. § 2701 *et seq.,* makes it unlawful to intentionally access, without authorization or by exceeding authorization, a facility through which an electronic communication service is provided, and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage in such system. See 18 U.S.C. § 2701(a)(1)-(2).

39. Any person aggrieved by any violation of the Stored Electronics Communications Act, in which the conduct constituting the violation is engaged in with a knowing or intentional state of mind, may recover from that entity appropriate relief, including:

(1) such preliminary and other equitable or declaratory relief as may be appropriate;

(2) damages under subsection (c); and

(3) a reasonable attorney's fee and other litigation costs reasonably incurred. See 18 U.S.C. § 2707(b).

7

40. Subsection (c) of the statute further provides that:

The court may assess as damages in a civil action under this section the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation, but in no case shall a person entitled to recover receive less than the sum of $1,000. If the violation is willful or intentional, the court may assess punitive damages. In the case of a successful action to enforce liability under this section, the court may assess the costs of the action, together with reasonable attorney fees determined by the court. See 18 U.S.C. § 2707(c).

41. Through her unlawful and unauthorized access of Shishav Shah's confidential credit card statements and transactional records, Defendant intentionally accessed, without authorization, Plaintiff's credit card statements and transactional records while it was in electronic storage.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant as follows:

A. Finding that Defendant violated the Stored Electronic Communications Act, as alleged herein;

B. Awarding Plaintiff actual damages (including the cost of taking remedial measures to protect his credit card account from further unlawful and unauthorized access), or the statutory minimum of $1,000 per unauthorized access, and punitive damages and any other appropriate relief against Defendant in an amount to be determined at trial;

C. Awarding Plaintiff the reasonable costs and expenses of suit, including attorneys' fees; and

D. Granting additional legal or equitable relief as this Court may find just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 11, 2018

Respectfully submitted,
Shaishav Shah
By Counsel

____/s/_____
Faisal Moghul
DC Bar # 1007598
Fox & Moghul
8230 Boone Blvd Suite 210
Vienna VA 22181
P: 703-652-5506
F: 866-451-9531
moghul@moghullaw.com